NAMLISS HOLDING CORPORATION, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, December 7, 1928.

*Leopold Blumberg,* for the appellant.

*Elliot S. Benedict* of counsel [*Joseph F. Mulqueen, Jr.,* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondent.

McAVOY, J. Judgment was rendered in favor of the city of New York, the defendant, in a suit for the return of a sum deposited at a sale of real estate by the city.

The city conducted a sale of real estate under a resolution of the sinking fund commission at public auction and the plaintiff through its officer purchased one of the parcels sold for $17,400. He paid the usual ten per cent of that sum in cash and the auctioneer's fees, as required by the terms of sale. There was a provision in the memorandum of sale that if the purchaser failed to complete his purchase by the payment of the whole of the purchase price he would forfeit to the city of New York as liquidated damages his deposit of ten per cent of the sale price, and there was an option given to the comptroller of the city to put up for sale again the same property without liability or accountability to the purchaser if he failed to take the title. After the sale the deputy comptroller, acting for the city, announced that the city would resell such property purchased for any one who wanted to have his property resold, and he announced that the property when resold usually realized more than it had originally brought. Plaintiff told the deputy comptroller that if it would not entail any loss he would resell his piece. Thereafter, the property was resold publicly to another purchaser to whom the city conveyed the title. Plaintiff then requested of the city a refund of the money which had been paid on deposit, but the city refused to repay the moneys. When the time came to close title, plaintiff and its attorney attended at the place of closing and made a tender of the balance due and demanded performance of the original purchase transaction. The city, of course, declined the tender, having conveyed the property to the second buyer.

At the trial it was shown by admission or proof that the deputy comptroller who was charged with the conduct of the sale under the sinking fund commission's resolution sold the property on the tenth day of June and that the plaintiff paid down $1,740, ten per cent of his purchase price. On the eleventh of June the deputy comptroller announced from the rostrum that several purchasers wanted their property resold and that he would resell for them and that in a number of instances former resales had brought more than the original price. Plaintiff's president arranged with the deputy comptroller that there would be a resale of his parcel. The parcel was sold by the same auctioneer to another buyer. The plaintiff thereafter asked for a return of the deposit, but finally after various requests this was refused. The property having been sold to another purchaser, of course, the city could not convey to him. There was no proof that the witness asked the deputy comptroller to cancel the contract.

The city contends *first*, that plaintiff by making the arrangement with the deputy comptroller for a resale of the premises and for

a refund of the moneys he had paid, has shown an intent not to perform and that the city was thus justified in reselling and treating his action as a default. *Secondly*, it is urged that the deputy comptroller having no authority to bind the city in making the arrangement for the resale and for the return of the deposit, plaintiff's right to recover against the city cannot be based upon a breach of such agreement.

While we conclude that the suit would not lie for breach of the agreement because of lack of authority to make it, we think the resale through the deputy comptroller and the subsequent conveyance by the city of the same parcel to another buyer, thus divesting itself of ability to deliver title to the plaintiff, excused performance or tender of performance on the part of the plaintiff and gave it a right to recover the deposit, because it was not in default. If the deputy comptroller had no authority to bind the city and thus had no power to arrange for a resale, except upon plaintiff's failure to perform, the city should have repudiated the second sale and conveyed to the original buyer at the time fixed in the terms of sale for closing. If he was not the agent of the city to make the second contract the city could not act upon his resale to the second purchaser as it had no warrant in law for completing an agreement made by one not acting as its agent as to this second sale. Assuming that the deputy comptroller had no power to enter into this contract with the plaintiff for a resale and a refund of the deposit, the fact that the deputy comptroller did resell in behalf of the city and that the city retained the consideration paid by the new purchaser and declined to convey to the original vendee seems to us to constitute a ratification of his act binding the city, as it had full knowledge of the entire situation at the closing of the second contract. Since the city retains the proceeds of the sale from the property under the deputy's arrangement and also holds the fund deposited under the original sale, a cause for money had and received is made out on the facts and judgment should, therefore, be ordered for the plaintiff.

The judgment should be reversed, with costs, and judgment ordered for plaintiff, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment ordered for plaintiff, with costs. Settle order on notice reversing findings inconsistent with this determination and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.